# EXHIBIT A

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

MEAGAN CREAGER,

    Plaintiff,

vs.

COLUMBIA DEBT RECOVERY, LLC
dba GENESIS CREDIT
MANAGEMENT, LLC

    Defendant.

NO.

**COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ.**

COMES NOW Plaintiff, Meagan Creager, by and through counsel, who alleges:

### I.    PARTIES AND JURISDICTION

1. Plaintiff Meagan Creager is an individual who, in early 2018, leased an apartment from Riverstone Apartments in Federal Way, WA.

2. Defendant COLUMBIA DEBT RECOVERY, LLC dba GENESIS CREDIT MANAGEMENT, LLC ("CDR"), a Washington Limited Liability Company, UBI #604-074-740, is a debt collector and collection agency doing business in Washington, and who repeatedly attempted to collect an alleged debt from the Plaintiff. CDR's registered agent is Rowland

1 Avenue Management, 906 SE Everett Mall Way Suite 301, Everett, WA 98208-3744.

2     3.    Jurisdiction over Defendant is proper as Defendant is doing business in Washington State and venue is appropriate in King County, Washington as the alleged debt arises from a property located in Federal Way, Washington.

## II. FACTS

    4.    In early 2018, Plaintiff Megan Creager leased an apartment from Riverstone Apartments in Federal Way, WA.

    5.    The lease was for a little less than one year, at a monthly rate of $1,071.00, starting on February 17, 2018 and ending on January 31, 2019.

    6.    She moved in on or about February 17, 2018 and paid a deposit in the amount of $1,250.00.

    7.    Ms. Creager lived in the apartment and timely paid her rent, however in June 2018, she informed Riverstone that she would be moving to Utah due to a career opportunity at her employer (Amazon). On or about June 30, 2018, Ms. Creager gave notice to Riverstone that she would need to move out prior to the lease expiration.

    8.    Ms. Creager knew that she would be penalized for leaving the apartment early, but she had no choice due to the demands of her career. Her move-out date was to be August 13, 2018.

    9.    She worked with Riverstone to make sure that any existing rent and utilities up to her move out date would be paid prior to moving out on August 13, 2018. On information and belief, she was told to pay approximately $724.00 for (presumably) prorated rent for August, which she dutifully paid. She understood that there would be more fees and charges because of the early move out and hoped that her deposit would cover most if not all of the charges.

10. Ms. Creager moved out on or about August 13, 2018 as agreed.

11. Shortly thereafter, she was contacted by Riverstone who told her she owed over $4,000. Ms. Creager was shocked and dismayed, as she had done everything right, paid everything required up to the date of move out, and had left a sizeable deposit with Riverstone.

12. However, Riverstone was steadfast in its position over the phone and through letters that she owed over $4,000 and threatened to send her to collections if she did not pay the inflated amount.

13. She attempted to work with Riverstone over to figure out the discrepancies but was unable to come to a resolution. Apparently, Riverstone believed that it could simply keep her deposit as "forfeit" because she moved out early. This is, of course, unlawful. Additionally, Riverstone added numerous dubious charges that Ms. Creager was not willing to pay due to their illegitimacy. Ms. Creager and Riverstone reached an impasse.

14. In 2019, Defendant CDR began to contact Ms. Creager regarding the alleged debt. Over the next year, CDR contacted Ms. Creager numerous times by phone and by e-mail. Each time Ms. Creager spoke to CDR, she would explain that she could not possibly owe the amount that CDR was demanding.

15. Ms. Creager would repeatedly explain that she did not owe for several of the charges that Riverstone and CDR were demanding. Specifically, CDR was attempting to collect a rent charge that she had already paid, for carpet "replacement" (even though she had only lived in the apartment for seven months, and the carpet had been replaced just prior to her moving in), and her deposit was allegedly "forfeited" and not applied to reduce the balance that she allegedly owed.[1] A copy of the final accounting statement relied on by CDR is attached as Exhibit A

---

[1] Deposits may not be forfeited pursuant to the RLTA. *See* RCW 59.18.260, 285, and 310.

Complaint - 3

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

(CDR provided this to Ms. Creager and represented that it was the basis of the debt).

16. Beyond those specific charges, CDR was attempting to enforce a dubious "buy out fee," even though a landlord's remedies are already limited and enumerated under the RLTA. *See* RCW 59.18.260.

17. CDR simply plowed forward, demanding that Ms. Creager pay the inflated balance. As always, Ms. Creager was willing to pay for reasonable charges as she understood that she moved out early, but she was not willing to simply "forfeit" her deposit or pay for things she was not required to.

18. Ms. Creager gave up trying to work with CDR, as she was spending an inordinate amount of time trying to reason with the unreasonable. Unfortunately, CDR reported the inflated balance to Ms. Creager's credit beginning in 2019 and continues to report it as of this writing.

19. In late 2020 and early 2021, Ms. Creager decided that she would like to begin the process of purchasing a home.

20. Working with a lender, she was told that to get the best rates, she would need to resolve any outstanding issues being reported to collection agencies.

21. Despite CDR's obstinance for over a year, Ms. Creager thought she would give it another try and contacted CDR.[2]

22. Ms. Creager explained that she had paid the final month of rent, that carpet replacement was completely unnecessary, and that she was never given credit for her security deposit.

23. Ultimately, a CDR representative questioned whether the lease permitted deposit forfeiture and agreed to speak with Riverstone to get to the bottom of the charges.

---

[2] CDR was still sending collection letters during this time.

Complaint - 4

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

24. Hopeful for a resolution, Ms. Creager eagerly awaited a response from CDR.

25. In February 2021, CDR called Ms. Creager and demanded that she simply pay for all the charges. Now, CDR was demanding over $5,000 due to the addition of interest.

26. For all her efforts to resolve the alleged debt, Ms. Creager had gotten nowhere in over a year of trying to work with CDR.

27. Adding insult to injury, and despite its initial reluctance to enforce the deposit "forfeiture," and despite Ms. Creager's specific explanations as to why she did not owe what CDR was demanding, on February 25, 2021 CDR e-mailed Ms. Creager stating that she owed $5,167.94. A copy of the e-mail is attached as Exhibit B.

28. Now, Ms. Creager is unable to take advantage of historically low interest rates and obtain a mortgage, because of CDR's reporting of monies that are absolutely not owed.

29. As a result of CDR's actions detailed above, Plaintiff has incurred expenses in seeking and retaining counsel in connection with ascertaining her legal rights and responsibilities, on information and belief, has suffered damaged credit, and has suffered financial uncertainty, unease, and distress caused by the false, improper, and confusing nature of the collection efforts.

### III.  CAUSES OF ACTION

**GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

30. With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

31. With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW 19.16.100(8) and Defendant is a collection agency as defined by RCW 19.16.100(4).

32. For claims arising under the Fair Debt Collection Practices Act, such claims are

assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

### Count 1 (and all subcounts)

33. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. This includes the false representation of the character, amount, or legal status of a debt (§ 1692e(2)), the threat to take any action which cannot be legally taken (§ 1692e(5)), communicating to any person credit information which is false or should be known to be false (§ 1692e(8)), or the use of any false representation or deceptive means to collect or attempt to collect a debt (§ 1692e(10)).

34. Defendant used false, deceptive, or misleading representations or means in connection with the collection of an alleged debt when it:

   a) Had numerous calls with Plaintiff demanding amounts not owed;
   b) Sent e-mails to Plaintiff representing amounts that are not owed;
   c) Misrepresented the basis for the alleged debt on multiple occasions;
   d) Reported inflated, false, and incorrect balances to Plaintiff's credit and continues to do so;
   e) Attempted to leverage false balances and false supporting documents against Plaintiff's credit to obtain a payment.

35. Therefore, Defendant violated 15 U.S.C. § 1692e, and/or its subsections, on numerous occasions.

### Count 2 (and all subcounts)

36. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

Complaint - 6

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

37. Plaintiff realleges paragraph 34 *supra*, as constituting unfair and unconscionable means to collect a debt.

38. In summary, the Defendant therefore violated 15 U.S.C. § 1692f and/or § 1692f(1) on numerous occasions.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS

39. Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.[3] *See* RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

40. Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

41. Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. *Id.* (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

### Count 3

42. RCW 19.16.250(21) prohibits the collection, or attempted collection, of any amounts in addition to the principal of a claim other than allowable interest, collection costs, or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs.

43. Here, Defendant demanded money on numerous occasions for amounts that were not owed through phone calls, e-mails, and credit reporting.

---

[3] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field. When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 7

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

44. Each attempt to collect money from Plaintiff constitutes a separate attempt amounts obviously not owed.

45. Defendant therefore violated RCW 19.16.250(21) upon each debt collection attempt.

## Count 4

46. A collection agency shall not represent or imply that an existing obligation may be increased by the addition of any charges when in fact such charges may not be legally added to the obligation. RCW 19.16.250(15).

47. Here, CDR calculated interest on a balance that was obviously not owed and demanded that Plaintiff pay that interest.

48. Defendant therefore violated RCW 19.16.250(15) on numerous occasions.

## Count 5 – Injunctive Relief

49. A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090. Plaintiff does seek injunctive relief from this Court which would enjoin Defendant from collecting debts in the manner described above from both Plaintiff and any other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

50. Specifically, Plaintiff seeks an injunction prohibiting Defendant from its unlawful collection tactics, including but not limited to demanding money that is not owed, assessing interest that is not owed, misinforming alleged debtors about the basis of debts, and reporting inflated amounts to alleged debtors' credit.

51. Plaintiff has reason to believe these actions may constitute a pattern and practice of behavior and have impacted other individuals similarly situated.

52. Injunctive relief is necessary to prevent further injury to Plaintiff and to the

Washington public as a whole.

54. Injunctive relief should therefore issue as described herein.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. For Judgment against Defendant for actual damages.

2. For statutory damages of $1,000.00, for FDCPA violations.

3. For statutory damages of $2,000.00 per violation, for Washington Collection Agency Act and Consumer Protection Act violations.

4. For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

5. For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3).

6. For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 8th day of March, 2021.

ANDERSON SANTIAGO, PLLC

By: _____
T. Tyler Santiago, WSBA No. 46004
Jason D. Anderson, WSBA No. 38014
Attorneys for Plaintiff
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

# EXHIBIT A

Riverstone
27314 24th Pl S
Federal Way, WA 98003

Megan Creager
1241 W Village Main Dr Apt 431
West Valley, UT 84119-1897

## Final account statement - Revised

| Ledger Account at move-out | |
|---|---|
| 3/10 DAY NOTICE FEES | 35.05 |
| Late Charges | 75.05 |
| Rent | 630.03 |
| Sewer Charges | 15.84 |
| Trash Reimbursement | 20.88 |
| Utility Service Fee | 3.00 |
| Water Charges | 16.47 |
| Balance at move-out | 796.26 |

* See the itemized charges for a complete listing of the work.

| Deposit Activities | |
|---|---|
| Move To Deposit Ledger | (200.00) |
| Move To Deposit Ledger | (1,050.00) |
| Total Deposits on hand | (1,250.00) |

| Additional charges/credits/payments after move-out | |
|---|---|
| BUY OUT FEE | 2,250.00 |
| CLEAN UNIT | 60.00 |
| FINAL WATER BILL FOR AUG 1-13 2018 | 17.68 |
| FLEA TREATMENT | 75.00 |
| FORFEIT DEPOSIT LEASE AGREEMENT NOT FULFILLED | 1,250.00 |
| REPLACE BOTH DAMAGED BEDROOM BLINDS | 30.00 |
| REPLACE CARPET AND PAD PLUS PET SEAL CARPET WAS REPLACED FEB. 2018 | 649.96 |
| REPLACE FOUR DRIP PANS | 24.00 |
| REPLACE VEGGIE TRAY IN REFRIGERATOR | 60.00 |
| T/UP BATHROOM AND KITCHEN COUNTERTOPS | 25.00 |
| TRASH FOR AUG 1-13 2018 | 8.61 |
| WATER BILL FOR JULY 1-31 2018 | 42.16 |
| Total additional charges / credits / payments | 4,492.21 |

| Final Account balance | |
|---|---|
| Balance at move-out | 796.26 |
| Total Deposits | (1,250.00) |
| Total additional charges / credits / payments | 4,492.21 |
| Total account balance due | 4,038.47 |

| FAS Prepared | |
|---|---|
| Date | 08/22/2018 |
| User | Hutchinson, Angela |

Pay to
Megan Creager

| Lease Information - Unit 144 | |
|---|---|
| Move-in | 02/17/2018 |
| Notice given | 06/30/2018 |
| Lease expires | 01/31/2019 |
| Move-out | 08/13/2018 |
| Move-out reason | Relocating out of State |

Onesite - Final account statement : Megan Creager

Page 1 of 2

THIS STATEMENT IS SUBJECT TO LATER REVISION TO ADD OR REDUCE CHARGES. THE LAST AND FINAL WATER BILL WILL BE DEDUCTED ON THIS FORM AND AS A REMINDER- IT IS TWO MONTHS BEHIND IN THE BILLING CYCLE.

Your move out charges have been outlined above. Please remit payment immediately to Riverstone or call 253-639-8288 to discuss payment options. If no contact is made within thirty (30) days, this account will be turned over to collections without further notice. If this account balance if from a unit skip or eviction, then this account will be turned over to a collection agency immediately and without further notice. Thank you for your prompt attention to this matter.

*[signature]*
Manager

# EXHIBIT B

**From:** mail@genesiscred.com
**Date:** February 25, 2021 at 12:34:24 PM MST
**To:** megan.creager@icloud.com
**Subject: Genesis - Exclusive Offer**

COLUMBIA DEBT RECOVERY LLC DBA GENESIS

PO BOX 3630 EVERETT, WA 98213

TOLL FREE: 877-622-1132 MONDAY-FRIDAY 8AM TO 5PM PST

2/25/2021

MEGAN CREAGER                               Account #: 4012585
4878 W PARR DR
WEST JORDAN, UT 84081-4833

Original Creditor: RIVERSTONE aka FSC TRUST

Placed for collections on: 1/14/2019

| | |
|---|---|
| Original Principal: | $4,038.47 |
| Current Principal: | $4,038.47 |
| Interest Due: | $1,129.47 |
| Total Due: | $5,167.94 |

# Price Reduction & Offer of Settlement

1

MEGAN CREAGER,

Your account may qualify for a balance reduction of up to 20%. Please contact our office to take advantage of this offer and make arrangements to pay the reduced amount or set up a payment plan.

This is a time-sensitive, special offer to discount your debt and remove it from your credit, as well as restore your rental screening history! Please contact us within 30 days of the receipt of this notice.

Call us now at (877) 622-1132. Please reference your account number listed above to learn more about the available discounts on your account.

Do not delay! We are not obligated to renew any offers.

*To make a payment or setup a payment plan, go to www.genesiscred.com and click on "Consumer Payments".

Signed,

COLUMBIA DEBT RECOVERY LLC DBA GENESIS

This is an attempt to collect a debt.  Any information will be used for that purpose. As of the date of this letter you owe the amount stated above. Your account bears interest at 12.00% percent per annum.  Because of interest  and other charges that vary from day to day, please contact us to learn the exact amount you owe as of the date of your payment.



---

**Columbia Debt Recovery LLC DBA Genesis**

**State Disclosures**

**TO ALL CONSUMERS – Notice about Electronic Check Conversion:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid.

**Please be aware of the following rights.  This list does not contain a complete list of the rights consumers have under state and federal law.**

**California Residents:** The state Rosenthal Fair Debt Collection Practices Act, and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov/.

As required by law, you are hereby notified that a negative credit agency report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

**Colorado Residents:** The Colorado office of Columbia Debt Recovery is located at 27 North Willerup, Suite B, Montrose, CO 81401, telephone (303) 382-0534. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Minnesota Residents:**  This collection agency is licensed by the Minnesota Department of Commerce.

**North Carolina Residents:** North Carolina Department of Insurance Permit # 113386

**Utah Residents:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. We will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

**New York:** Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions;9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and11. Ninety percent of your wages or salary earned in the last sixty days.

**New York City Borough Residents:**  Department of Consumer Affairs, City of New York, License # 2095802-DCA. Please contact Hayden Hunter at (866) 863-9194 if you have questions. Para un agente de habla hispana, llame al (877)397-9337

Please see https://www1.nyc.gov/site/dca/index.page for a translation of commonly used debt collection terms in your preferred language.

3

If you'd like to unsubscribe and stop receiving these emails click here .

4