UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MEAGAN CREAGER | ) ) | CASE NO. 2:21-cv-00431-BJR |
| Plaintiff, | ) ) | ORDER ON DEFENDANT'S MOTION TO DISMISS |
| v. | ) ) | |
| COLUMBIA DEBT RECOVERY, LLC. d/b/a GENESIS CREDIT MANAGEMENT, LLC | ) ) ) | |
| Defendant. | ) ) | |

Before the Court is Defendant Columbia Debt Recovery's Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 10. Having reviewed the materials submitted by the parties and Plaintiff's complaint, the Court grants in part and denies in part Defendant's motion. The reasons for the Court's decision are set forth below.

**I.     BACKGROUND**

This case arises from Defendant's debt collection efforts against Plaintiff Meagan Creager. In February of 2018, Plaintiff signed a lease with Riverstone Apartments in Federal Way, Washington. Her lease was scheduled to expire on January 31, 2019. However, Plaintiff notified Riverstone in June of 2019 that she needed to move out before the lease expired because she had accepted a new job in another state. Plaintiff moved out on August 13, 2019, and alleges that she

1

paid prorated rent for August as instructed.  Plaintiff states that she understood there would be more fees and charges for moving out early, but anticipated that her $1,250 security deposit would cover most if not all of those expenses.  However, Riverstone notified Plaintiff after she moved that she owed over $4,000.  Plaintiff disputed that she owed this amount, but was unable to resolve the issue with Riverstone.

Riverstone assigned the debt to Defendant, who first contacted Plaintiff in 2019.  Plaintiff alleges that she repeatedly informed Defendant that she did not owe several charges included in the claimed debt.  She also argued that her security deposit was improperly "forfeited" without being applied to reduce expenses she may have owed.  Plaintiff alleges that Defendant agreed to contact Riverstone to review the charges.  However, Defendant contacted her again in February 2021 to renew efforts to collect the debt, stating that the amount owed had increased to over $5,000 with the addition of interest.

Plaintiff filed this case on March 8, 2021, in King County Superior Court.  Plaintiff's complaint raises federal claims under the Fair Debt Collection Practices Act, as well as state law claims under Washington State's Collection Agency Act and Consumer Protection Act.  Defendant removed the case to this Court on March 31, 2021.  Defendant now moves to dismiss Plaintiff's complaint for failure to state a claim.

## II.   DISCUSSION

### A.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) may be granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plaintiff must plead "factual content that allows the court

2

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, courts must accept the factual allegations in the complaint as true and construe such allegations in the light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018).[1]

**B.    FDCPA CLAIMS**

Plaintiff's complaint alleges that Defendant violated numerous provisions of the federal Fair Debt Collection Practices Act (FDCPA). Defendant seeks dismissal of Plaintiff's FDCPA claims on several different grounds.

1. *Defendant's Potential Liability for Attempting to Collect the Amount of Debt Assigned by Riverstone*

Defendant first argues that it cannot face liability under the FDCPA because it simply attempted to collect the precise amount of debt that it was assigned to collect by Riverstone. Defendant argues that the FDCPA does not require debt collectors to independently investigate the legality of debts that they are assigned to collect, and suggests that Plaintiff's dispute lies with her former landlord. In response, Plaintiff argues that Defendant may be held liable under the FDCPA for attempting to collect amounts that she did not actually owe, even if the errors in assessing the debt were made by Riverstone rather than by Defendant.

Plaintiff's argument is supported by the Ninth Circuit's decision in *Clark v. Capital Credit*

---

[1] Plaintiff notes that Defendant's motion to dismiss is untimely under Federal Rule of Civil Procedure 81(c)(2) because it was filed more than 21 days after service of her complaint and more than 7 days after the case was removed to this Court. However, Plaintiff does not request denial of the motion based on its untimeliness, and the Court may consider an untimely motion to dismiss if the defendant is not in default. *See, e.g.*, *Atigeo LLC v. Offshore Ltd. D*, No. C13-1694JLR, 2014 WL 239096, at *3 (W.D. Wash. Jan. 22, 2014) (noting "as long as a party is not in default, courts have considered late motions to dismiss even when no responsive pleading has been filed and no extension for filing [has been] granted by the court").

3

*& Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006). In *Clark*, the court held that a debt collector may face liability under the FDCPA for unintentionally or unknowingly making false representations in attempting to collect a debt. *Id.* at 1176. Here, Plaintiff alleges that Defendant made false representations by attempting to collect an amount of debt that she does not actually owe. Because the FDCPA does not require Plaintiff to prove that Defendant made the alleged false representations intentionally or knowingly, *Clark* supports Plaintiff's position that she may bring claims under the FDCPA against Defendant for attempting to collect a debt that was improperly calculated by the original creditor. To be sure, the FDCPA includes a "bona fide error" defense, which enables debt collectors to avoid liability if they prove that a violation of the statute "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such errors." *Id.* at 1177 (quoting 15 U.S.C. §1692k(c)). However, Defendant expressly states that its motion to dismiss does not rely on the bona fide error defense. Dkt. No. 14 at 3.

The Ninth Circuit's decision in *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002 (9th Cir. 2008), provides additional support for Plaintiff's ability to maintain claims under the FDCPA against Defendant. In *Reichert*, the plaintiff brought claims under the FDCPA against a defendant who had attempted to collect a debt assigned to it by the plaintiff's former landlord. *Id.* at 1004. The alleged debt included a $225 fee, which the debt collector attempted to collect at the landlord's direction and which was not authorized by the plaintiff's lease or permitted by state law. *Id.* at 1005-06. The defendant sought summary judgment, "arguing that it had properly relied on [the landlord's] representation of the debt." *Id.* at 1005. The trial court rejected that argument and granted summary judgment to the plaintiff, holding that the debt collector had violated the FDCPA

4

by attempting to collect an amount not authorized by the lease or permitted by law and had failed to establish a bona fide error defense. *Id.* The Ninth Circuit affirmed the trial court's decision. *Id.* at 1007. The outcome in *Reichert* supports Plaintiff's position that a debt collector cannot avoid liability simply by asserting that it was attempting to collect the precise amount of debt assigned to it by the original creditor.

Instead of relying on Ninth Circuit case law to support its argument, Defendant cites cases from the Seventh Circuit holding that debt collectors need not independently verify debts or examine their legal intricacies in order to qualify for the FDCPA's bona fide error defense. Putting aside the fact that the Court is not bound by decisions of the Seventh Circuit, Defendant's reliance on these cases is misplaced. The language cited by Defendant concerns a debt collector's ability to qualify for the bona fide error defense, and has no bearing on the question of whether Plaintiff has stated a claim under the FDCPA in the first instance.

Defendant also cites language from *Becker v. Genesis Financial Services*, No. CV-06-5037, 2007 WL 4190473, at *7 (E.D. Wash. Nov. 21, 2007), in which the court stated that a "debt collector's determination that a debt is valid must be reasonable, but in reaching its conclusion it need not engage in its own independent investigation of the correctness of the documentation provided by the creditor." However, this statement from *Becker* recites a debt collector's obligations under §1692g of the FDCPA when verifying a debt that is disputed by a consumer. Here, Plaintiff has not alleged that Defendant violated §1692g. Furthermore, the Ninth Circuit in *Clark* held that even in cases where a debt collector has complied with the FDCPA's verification requirements under §1692g, the debt collector may still face liability under §§ 1692e and 1692f of the FDCPA, which are the provisions of the statute that Plaintiff relies upon here. *Clark*, 460 F.3d

5

at 1174-77; *see also Healey v. Trans Union LLC,* No. C09-0956, 2011 WL 1900149, at *14 n.5 (W.D. Wash. May 18, 2011).

As a result, Defendant's argument that it cannot be held liable for attempting to collect the exact amount of debt assigned to it by Riverstone fails.

### 2. *Claims Under 15 U.S.C. § 1692e*

As noted above, Plaintiff has raised claims under § 1692e of the FDCPA, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff's complaint alleges violations of subsections (2), (5), (8), and (10) of § 1692e, which the Court considers in turn below.

#### a. *Claim Under 15 U.S.C § 1692e(2)*

Section 1692e(2) of the FDCPA prohibits debt collectors from making false representations of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Plaintiff alleges that Defendant violated this provision by contacting her to demand payment of an amount of debt she does not owe. Defendant moves to dismiss this claim by arguing that it made no false representations because it simply attempted to collect the amount assigned to it by Riverstone.

As discussed above, Defendant's argument fails because a debt collector may be held liable under the FDCPA for attempting to collect a debt that a consumer does not owe, even if the debt collector is attempting to collect the amount of debt assigned by the original creditor. Here, Plaintiff has alleged that Defendant demanded an amount of debt that she does not actually owe, which is sufficient to state a claim under § 1692e(2).

### b. *Claim Under 15 U.S.C. § 1692e(5)*

Section 1692e(5) of the FDCPA prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5). Defendant argues that this claim should be dismissed because Plaintiff's complaint identifies no allegedly threatening statements made by Defendant. Dkt. No. 10 at 10. Plaintiff offers no response to Defendant's argument on this point.

Defendant is correct that Plaintiff's complaint does not allege sufficient facts to state a claim that Defendant made any threats in violation of §1692e(5). Because Plaintiff has provided no basis to suggest that she could amend her complaint to support this claim, the Court dismisses Plaintiff's claim under § 1692e(5) with prejudice.

### c. *Claim Under 15 U.S.C. § 1692e(8)*

Section 1692e(8) of the FDCPA prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Defendant argues that Plaintiff's claim under § 1692e(8) is deficient because her complaint does not identify specific credit reporting agencies that received reports from Defendant about Plaintiff's debt.[2] Dkt. No. 10 at 12. To support this argument, Defendant points to *Katzakian v. Collectibles Management Resources*, No. CV F 12-1677 LJO SKO, 2013 WL 57712, at *1 (E.D. Cal. Jan. 4, 2013). In *Katzakian*, the court dismissed a claim under § 1692e(8) because the plaintiff's complaint had not identified the credit bureaus that received reports from the defendant,

---

[2] In its reply, Defendant also argues that this claim should be dismissed because Plaintiff has not alleged facts to support a claim that Defendant failed to report that her debt was disputed. Dkt. No. 14 at 5–6. However, claims under § 1692e(8) are not limited to those based on the alleged failure to report that a debt is disputed.

nor had the plaintiff pleaded facts to support allegations that the debt collector delayed in reporting that the debt was disputed. *Id.* at *5.

Plaintiff does not address *Katzakian* in her response to Defendant's motion. Instead, she argues that "[t]he entirety of Plaintiff's Complaint establishes that many of the amounts, at minimum, 'should be known to be false,' such as the forfeiture of the deposit and [the] 'buy out fee.'" Dkt. No. 12 at 14.

Despite Plaintiff's minimal response to Defendant's motion to dismiss this claim, the Court finds that Plaintiff has pleaded sufficient facts to state a claim that Defendant communicated information to credit agencies that it knew or should have known to be false. Plaintiff's complaint alleges that Defendant "[r]eported inflated, false, and inaccurate balances to Plaintiff's credit and continues to do so." Dkt. No. 1-2 at 6. She further alleges that she informed Defendant that she did not owe several charges that Defendant was demanding, which would support her claim that Defendant knew or should have known that the amount of debt reported was incorrect. *Id.* at 3–4. Although Plaintiff's complaint does not specifically identify the credit agencies that allegedly received reports from Defendant, such facts should be within Defendant's knowledge and may be developed through discovery.

d. *Claim Under 15 U.S.C. § 1692e(10)*

Section 1692e(10) of the FDCPA has been described as a "catchall" provision that prohibits a debt collector's "use of any false representation or deceptive means to collect or attempt to collect any debt." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011). Defendant argues that this claim should be dismissed because Plaintiff has not alleged any false representations made by Defendant. However, for reasons discussed earlier, the Court finds that

8

Plaintiff's allegations that Defendant contacted her to attempt to collect an amount of debt that she does not owe are sufficient to state a claim that Defendant made a false representation under §1692e(10).

Defendant also suggests that *Afewerki v. Anaya Law Group*, 868 F.3d 771, 776 (9th Cir. 2017), requires Plaintiff to allege that a false representation was "material" and caused her to suffer a disadvantage in responding to the collection efforts. Dkt. No. 10 at 11 n.43. However, nothing in *Afewerki* indicates that a plaintiff must specifically allege the materiality of a false representation in order to state an FDCPA claim. Instead, *Afewerki* emphasized that "[b]ecause the materiality inquiry focuses on the objective question of how the least sophisticated debtor could have reacted to a misstatement, the question of what [plaintiff] himself would actually have done differently had [defendant] not misstated the amount of his debt is irrelevant in determining materiality." *Afewerki*, 868 F.3d at 776. Therefore, the Court denies Defendant's motion to dismiss Plaintiff's claim under §1692e(10).

### 3. Claim Under 15 U.S.C. § 1692f

Plaintiff also brings a claim under § 1692f of the FDCPA. This provision prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt," including the collection of "any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C § 1692f–f(1). As before, Plaintiff's claim is based on allegations that Defendant attempted to collect an amount of debt that she does not actually owe. Because "one action can give rise to multiple violations" of the FDCPA, Plaintiff may bring both § 1692e and § 1692f claims based on the same factual allegations. *Clark*, 460 F.3d at 1177.

Defendant suggests that Plaintiff's lease authorized the debt it attempted to collect. However, Defendant points to no provision in Plaintiff's lease that authorizes her security deposit to be simply "forfeited," as Plaintiff alleges here. Additionally, Plaintiff's complaint contends that the debt Defendant attempted to collect includes charges that are not permitted under Washington law, which is also considered to be unfair or unconscionable means of debt collection under the express language of § 1692f(1).

As before, Defendant argues that Plaintiff's dispute over the legality of the claimed debt lies with her former landlord, rather than with Defendant. For reasons discussed earlier, this argument must fail because Defendant may be held liable under § 1692f(1) for attempting to collect debts that are not expressly authorized by Plaintiff's lease or permitted by law.[3] *See Reichert*, 531 F.3d at 1005. Therefore, the Court denies the motion to dismiss Plaintiff's claim under § 1692f.

## C.   STATE LAW CLAIMS

Plaintiff also brings claims under the Washington Collection Agency Act (CAA), which is the "state's counterpart to the FDCPA." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 897 (Wash. 2009). The CAA serves to protect consumers from unfair debt collection practices, including "attempting to collect amounts not actually owed." *Id.*; *see also Dawson v. Genesis Credit Mgmt., LLC*, No. C17-0638-JCC, 2017 WL 5668073, at *4 (W.D. Wash. Nov. 27, 2017). The CAA supplements federal law and makes debt collectors "subject to strict regulation to ensure they deal fairly and honestly with alleged debtors." *Panag*, 204 P.3d at 897. A violation of the

---

[3] Defendant argues that *Skinner v. Green Tree Servicing LLC*, No. 3:12-cv-03834-JCS, 2012 WL 6554530 (N.D. Cal. Dec. 14, 2012), stands for the proposition that a debt collector cannot be held liable under §1692(f) for attempting to collect "only the amount the creditor assigned to the collector." Dkt. No. 14 at 7. However, the *Skinner* court's analysis of the plaintiff's § 1692(f) claim did not consider allegations that the debt included amounts that were not expressly authorized by the agreement or permitted by law.

CAA constitutes a per se violation of the Washington Consumer Protection Act (CPA). *Dawson*, 2017 WL 5668073, at *4.

 1. *Claims Under the CAA*

Plaintiff brings a CAA claim under RCW 19.16.250(21), which prohibits debt collectors from attempting "to collect in addition to the principal amount of a claim any sum other than allowable interest . . . expressly authorized by statute." Plaintiff argues that because Defendant attempted to collect an amount of principal that she does not owe, Defendant violated RCW 19.16.250(21) by charging interest on this amount. More generally, courts have also held that a debt collector violates RCW 19.16.205(21) when it "attempts 'to collect amounts not owed.'" *Arias v. Columbia Debt Recovery LLC*, No. 2:20-cv-01602, 2021 WL 952559, at *4 (W.D. Wash. Feb. 10, 2021) (quoting *Dawson*, 2017 WL 5668073, at *4).[4] Because Plaintiff has pleaded facts alleging that Defendant attempted to collect an amount not owed, the Court denies Defendant's motion to dismiss Plaintiff's claim under RCW 19.16.250(21).

Plaintiff brings a second CAA claim under RCW 19.16.250(15), which prohibits debt collectors from representing that the existing obligation of the debtor has been or may be increased "by the addition of . . . fees or charges when in fact such fees or may not legally be added." RCW 19.16.250(15). Here, Plaintiff has alleged that Defendant attempted to collect interest on an amount not owed, which is sufficient to support a claim under RCW 19.16.250(15).[5] *See Arias*,

---

[4] Defendant argues that the 12% interest rate it used in calculating Plaintiff's debt is permitted by law. However, the addition of such interest would not be permissible if it is calculated from an amount of principal that is not owed. *See Arias*, 2021 WL 952559, at *4.

[5] Defendant suggests that interest is not a "fee or charge." However, the text of the CAA reveals otherwise by listing interest with "any other fees or charges" multiple times. *See, e.g.*, RCW 19.16.450.

2021 WL 952559, at *4. The Court therefore denies Defendant's motion to dismiss Plaintiff's claim under RCW 19.16.250(15).

  2. *Claim for Injunctive Relief Under CPA*

Plaintiff also requests injunctive relief under the Washington CPA, RCW 19.86.090. Defendant argues that this claim should be dismissed "for the same reasons" Plaintiff's other claims should be dismissed. Dkt. No. 10 at 15. Because the Court has rejected the prior reasons offered by Defendant to dismiss Plaintiff's claims (with the exception of her claim under §1692e(5)), the Court denies Defendant's motion to dismiss this claim.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. Dkt. No. 10. The Court grants Defendant's motion to dismiss Plaintiff's claim under 15 U.S.C. § 1692e(5) with prejudice, but otherwise denies Defendant's motion.

DATED this 28th day of July, 2021.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge