UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEAGAN CREAGER,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA DEBT RECOVERY d/b/a<br>GENESIS CREDIT MANAGEMENT, LLC,<br><br>Defendant. | No. 2:21-cv-00431-BJR<br><br>ORDER GRANTING IN PART<br>PLAINTIFF'S PARTIAL MOTION FOR<br>SUMMARY JUDGMENT |

## I. **INTRODUCTION**

Plaintiff Meagan Creager ("Plaintiff" or "Creager"), filed this lawsuit against Columbia Debt Recovery d/b/a Genesis Credit Management, LLC ("Defendant" or "Genesis"), asserting claims under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Washington Collection Agency Act ("CAA"), RCW § 19.16, as enforced through the Washington Consumer Protection Act ("CPA"), RCW § 19.86. Presently before the Court is Plaintiff's motion for partial summary judgment ("Motion" or "Mot.," Dkt. 24). Having reviewed the Motion, the record of the case, and the relevant legal authorities, the Court GRANTS the Motion in part. The reasoning for the Court's decision follows.

ORDER - 1

## II.     BACKGROUND

The facts of this case are largely undisputed.  In February 2018, Creager leased an apartment from non-party FSC Riverstone Associates, LLC ("Riverstone") pursuant to a lease agreement that provided for a rental term lasting from February 17, 2018 to January 31, 2019. Declaration of Megan Creager ("Creager Decl.," Dkt. 24-1), Ex. A at 1.  The lease agreement also required a $1,250 security deposit (*id.*), which Creager paid.  *Id.* ¶ 3.  In June 2018, Creager informed Riverstone that she would be moving out early, in August 2018, and asked for a final bill.  *Id.* ¶¶ 6-7.  In response, Riverstone asked that Creager pay a pro-rated rent for that month, and indicated that any remaining amounts would be billed to her at a later time.  *Id.* ¶ 8.

On or about January 14, 2019, Riverstone transferred a collections account to Genesis, a licensed debt collector, that consisted of a remaining balance of $4,038.47 (the "Balance") purportedly owed by Creager pursuant to her lease agreement with Riverstone.  Declaration of Bill Wojdak ("Wojdak Decl.," Dkt. 27-1) ¶¶ 5, 8.  A "Final Account Statement" that Riverstone provided to Genesis – and Genesis eventually provided to Creager – reflected that Creager's security deposit had been forfeited because of her early lease termination, and therefore was not credited against the Balance.  Creager Decl. ¶ 11, Ex. C.

In January 2019, Genesis began contacting Creager by phone, letter, and e-mail in order to collect the Balance in addition to accumulated interest.  Creager Decl. ¶ 10, Ex. B.  On several occasions over the next few years, Creager disputed the forfeiture of her security deposit as well as certain charges not relevant to this Motion that she believed were improperly contained in the Balance.  *Id*. ¶¶ 11, 14-19.  Following one of those occasions – a January 26, 2021 phone call, during which Creager complained to a Genesis representative that her lease agreement did not permit Riverstone to forfeit her security deposit (Declaration of T. Tyler Santiago ("Santiago

ORDER - 2

Decl., Dkt. 24-2), Ex. D at 6:15-8:18) – Genesis consulted with Riverstone, which advised that Creager's security deposit had been properly forfeited. *Id.*, Ex. F at 2; Creager Decl. ¶¶ 16-20. Genesis thereafter continued to demand that Creager pay the Balance. Creager Decl. ¶¶ 20-22.

Plaintiff filed this lawsuit on March 31, 2021. Complaint ("Compl.," Dkt. 1-2). In her lawsuit, Plaintiff claims that Defendant violated the FDCPA and the CAA through its collection efforts. *Id.* Plaintiff filed the Motion on April 14, 2022, Defendant filed an opposition on May 12, 2022 ("Opposition" or "Opp.," Dkt. 27), and Plaintiff replied on May 25, 2022 ("Reply" or "Rep.," Dkt. 31).

### III.   STANDARD OF REVIEW

"The standard for summary judgment is familiar: 'Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact.'" *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)). A court's function on summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is not, summary judgment is warranted.

### IV.   DISCUSSION

Plaintiff seeks partial summary judgment on the issue of liability, and indicates that she will prove her actual damages at trial. *See* Mot. at 2, 16. Plaintiff further states, "given that liability does not depend on the number of violations of the [FDCPA] and [the CAA], this motion focuses on one discrete issue: [Genesis's] unlawful collection of amounts which Ms. Creager did not owe (i.e. the amount of her deposit)." *Id.* at 2. As discussed below, Plaintiff's FDCPA and CAA claims

ORDER - 3

are premised on her assertion that her security deposit had been withheld by Riverstone in violation of Washington's Residential Landlord Tenant Act ("RLTA"), and that the Balance, consequently, was improperly inflated by $1,250. Defendant, in its Opposition, does not dispute that Riverstone unlawfully withheld Plaintiff's security deposit in violation of the RLTA. *See* Mot. at 8-9. The Court's review of the Motion therefore proceeds on the assumption that part of the Balance Defendant sought to collect from Plaintiff – $1,250 – was not legally owed to Riverstone. *See DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Connect Ins. Agency, Inc*., No. 14-cv-5880, 2016 WL 631574, at *25 (W.D. Wash. Feb. 16, 2016) ("A party waives or abandons an argument at the summary judgment stage by failing to provide more than a passing remark in support of its position.").[1]

### A.     Whether Genesis is a Proper Defendant

Defendant contends, in the first instance, that because the RLTA provides tenants with "robust causes of action against landlords that withhold security deposits," the appropriate recourse for Plaintiff was to sue Riverstone under the RLTA, and not Genesis under the FDCPA or the CAA. Opp. at 6-8. However, contrary to Defendant's contention, Plaintiff had the choice of pursuing remedies under more than one statutory scheme. She could sue Riverstone under the RLTA in order to recover her security deposit, and she could also sue Genesis under the FDCPA and the CAA for engaging in violative debt collection practices. Defendant points to no authority – and this Court is not aware of any – precluding Plaintiff from pursuing relief under the latter statutes.

---

[1] Defendant also does not dispute Plaintiff's assertion that its collection efforts were subject to the FDCPA and the CAA. The Court, therefore, also assumes that Defendant's conduct at issue was subject to those laws.

ORDER - 4

**B.      Plaintiff's Claims under the FDCPA**

Plaintiff claims that Defendant violated 15 U.S.C. § 1692e, which prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and 15 U.S.C. § 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." *See* Compl. ¶¶ 33-38.

The FDCPA, as a general matter, "imposes strict liability," and therefore "makes debt collectors liable for violations that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005-06 (9th Cir. 2008) (citing *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006)). "Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quotation marks and citation omitted).   Nonetheless, the FDCPA also provides an affirmative "bona fide error" defense, according to which "[a] debt collector may not be held liable … if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

**1.      Plaintiff's Claims under Sections 1692e and 1692e(2)**

Plaintiff claims that Defendant violated Section 1692e by "repeatedly ma[king] the false and misleading representation that [] Creager's deposit was forfeited, and therefore falsely represent[ing] that [] Creager owed an inflated balance." *See* Mot. at 10-11. Specifically, Plaintiff claims that Defendant violated (1) Section 1692e's general prohibition of false and misleading statements in connection with the collection of debt, *see* 15 U.S.C. § 1692e; and (2) Section 1692e(2)'s specifically listed prohibition of "false representation[s] of [] the character, amount, or

ORDER - 5

legal status of any debt," *id.* § 1692e(2). In its Opposition, Defendant argues that it cannot be held liable under those provisions because it "was not in a position to accept Plaintiff's interpretation of her lease in lieu of Riverstone's interpretation," and reasonably relied on the accuracy of the Balance after having "asked Riverstone to confirm whether Plaintiff's security deposit was properly forfeited." *See* Opp. at 8-9.

Defendant's argument lacks merit. As noted above, the FDCPA is a strict-liability statute, and as such, it "makes debt collectors liable for violations that are not knowing or intentional." *See Reichert*, 531 F.3d at 1005-06. Defendant does not dispute that the amount it sought to collect was inflated by $1,250 (plus the interest accruing on that amount) on account of Plaintiff's security deposit having been unlawfully forfeited. Therefore, each time Defendant contacted Plaintiff to collect the remaining balance, it was, objectively, falsely representing the amount of debt she owed to Riverstone. Defendant's asserted "reasonable belief" in the Balance's accuracy based on its consultation with Riverstone does not change this result, particularly as Defendant had been attempting to collect the Balance for two years before that consultation took place. Accordingly, based on the undisputed facts presented, Plaintiff has established a violation of Sections 1692e and 1692e(2). *See, e.g.*, *Williams v. Columbia Debt Recovery, LLC*, No. 2:20-cv-01718, 2022 WL 167516, at *3 (W.D. Wash. Jan. 12, 2022) (defendant's collection attempts violated Sections 1692e and 1692e(2) because defendant had "not established that it was entitled to collect" that amount "at the time it demanded the sum from Plaintiff"); *Dawson v. Genesis Credit Mgmt., LLC*, No. 17-cv-0638, 2017 WL 5668073, at *3 (W.D. Wash. Nov. 27, 2017) (defendant violated Sections 1692e and 1692e(2) because it sought amounts not authorized by apartment lease agreement).

ORDER - 6

### 2. Plaintiff's Claim under Section 1692e(8)

Plaintiff claims that Defendant, by reporting the Balance to credit bureaus, violated Section 1692e(8)'s specific prohibition of "[c]ommunicating … to any person credit information which is known or which should be known to be false. 15 U.S.C. § 1692e(8); *see* Mot. at 11-12. "The language of § 1692e(8), unlike the language of § 1692e(2), requires the plaintiff to show that the defendant knew or should have known that the information was false." *Healey v. Trans Union LLC*, No. 09-cv-0956, 2011 WL 1900149, at *9 (W.D. Wash. May 18, 2011) ("although the FDCPA is generally a strict liability statute, Congress expressly required elements of knowledge and intent where it deemed them necessary" (citing *Clark*, 460 F.3d at 1176 n.11)). Here, the reasonableness of Defendant's belief in the Balance's accuracy is relevant to whether Defendant violated Section 1692e(8). *See Burgess v. Columbia Recovery Grp., LLC*, No. 17-cv-5325, 2019 WL 461127, at *3 (W.D. Wash. Feb. 6, 2019).

Viewing the evidence in the light most favorable to Defendant, the Court finds that there is a genuine dispute as to whether Plaintiff "knew or should have known" that the Balance was unlawfully inflated when Defendant reported it to a credit bureau. On the one hand, two Genesis employees, after Plaintiff disputed the forfeiture, reviewed the lease agreement and determined that Creager's deposit could not be lawfully withheld, but then reverted to their prior position one week later after consulting with Riverstone.[2] These facts suggest that it was unreasonable for Genesis not to know that the forfeiture was improper, and moreover, that Genesis subjectively

---

[2] Specifically, during the January 26, 2021 phone call between Creager and a Genesis representative (*see supra* at 2-3), the representative and a manager both concluded: "we don't see anything in the lease agreement stating that [Riverstone is] allowed to legally do that." Santiago Decl., Ex. D at 11:8-12:6, 13:3-20. During a separate call one week later, the same Genesis representative informed Creager that Genesis had consulted with Riverstone, which determined that Creager's security deposit was properly forfeited pursuant to the lease agreement. *Id*., Ex. E at 2:15-18, 3:1-4; *see id*., Ex. F at 2.

ORDER - 7

knew this for one week. On the other hand, Genesis had relied upon Riverstone's documentation of the Balance – including the lease agreement, which permits security deposit deductions under certain circumstances (*see* Creager Decl., Ex A at 6) – as well as Riverstone's position on the matter. *See, e.g.*, Santiago Decl., Ex. E at 3:1-4, Ex. F at 2; *see also Burgess*, 2019 WL 461127, at *3 (granting summary judgment to defendant on Section 1692e(8) claim because defendant verified plaintiff's remaining tenant balance with landlord). In sum, in light of this competing evidence, the Court finds that the question of whether Defendant "knew or should have known" that the Balance was improperly inflated is more appropriate reserved for a jury. The Court therefore will not grant Plaintiff summary judgment on her Section 1692e(8) claim.

### 3. Plaintiff's Claim Under Section 1692f(1)

Plaintiff claims that, "by attempting to collect principal and interest that were not owed," Defendant violated Section 1692f's specifically listed prohibition against collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1); *see* Mot. at 12. Determining whether conduct violates Section 1692f, as for Sections 1692e and 1692e(2), "requires an objective analysis" and does not inquire into a defendant's knowledge. *Donohue*, 592 F.3d at 1030.

On the undisputed facts presented, Plaintiff has established a violation of Section 1692f(1) for the same reason as Defendant's violations of Sections 1692e and 1692e(2). The Balance contained a $1,250 amount that was not "permitted by law," and nor does Defendant contend it was authorized by Plaintiff's lease agreement with Riverstone. As such, Defendant's attempts to collect the full Balance constitute a violation of Section 1692f(1). *See Williams*, 2022 WL 167516, at *3 (debt collector violated Section 1692f(1) "[b]ecause Defendant has not established that it was

ORDER - 8

entitled to collect" amounts at issue"); *Dawson*, 2017 WL 5668073, at *3 (debt collector violated Section 1692f by its attempts to collect debt not "legally owed by [plaintiff]" under apartment lease agreement; "[t]he same conduct by a debt collector can violate multiple provisions of the FDCPA").

### 4. Whether Defendant is Protected by the Bona Fide Error Defense

Having found that Defendant's conduct constitutes violations of Sections 1692e and 1692f, the Court turns to whether Defendant is nonetheless protected by the bona fide error defense. To qualify for such defense, "the defendant must prove that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). "The bona fide error defense is a 'narrow exception to strict liability under the FDCPA,' so defendants bear the burden of proof at summary judgment." *Engelen v. Erin Cap. Mgmt., LLC*, 544 F. App'x 707, 709 (9th Cir. 2013) (quoting *Clark,* 460 F.3d at 1177). Plaintiff contends that Defendant fails prove the second and third elements. *See* Mot. at 13-14.

#### a.   Whether Defendant Made a Bona Fide Error

Plaintiff contends that Defendant could not have made a bona fide error because its error was legal in nature. *See* Mot. at 13. Plaintiff cites to *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010), contending that the Supreme Court held therein that "[t]he bona fide error defense only applies to mistakes of fact, and not to mistakes of law." Mot. at 13. The Supreme Court, however, held only that the defense "does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of *that statute*." *Jerman*, 559 U.S. at 604-05 (emphasis added). It expressly declined to determine whether the bona fide error defense "applies when a violation results from a debt collector's

ORDER - 9

misinterpretation of the legal requirements of state law or federal law other than the FDCPA." *Id.* at 581 n.4. As to that issue, "[t]he Courts of Appeals and District Courts have reached different conclusions." *Gray v. Suttell & Assocs.*, 123 F. Supp. 3d 1283, 1288-89 (E.D. Wash. 2015); *see Barenbaum v. Hayt, Hayt & Landau, LLC*, No. 18-cv-4120, 2019 WL 4305761, at *8 (E.D. Pa. Sept. 10, 2019) (discussing widespread disagreement among district courts across the country).

After *Jerman*, the Ninth Circuit concluded, in *Kaiser v. Cascade Cap., LLC*, 989 F.3d 1127 (9th Cir. 2021), that the bona fide error defense was applicable to debt collectors' good-faith mistakes about whether applicable state statute of limitations had already run on the debt they sought to collect. *Id.* at 1140. The court reasoned that "the ignorance-of-the-law 'maxim does not normally apply where a defendant has a mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct.'" *Id.* at 1138 (quoting *Rehaif v. United States*, 139 S. Ct. 2191, 2198 (2019)). "[A] mistake about the time-barred status of a debt," the court held, "is a mistake regarding a collateral legal element of an offense, which we treat as a mistake of fact." *Id.* at 1138-39.

Defendant's error related not to an interpretation or application of the FDCPA, but to a collateral legal issue: whether the RLTA permitted the forfeiture of Plaintiff's deposit. As such, this Court, following *Kaiser*, treats Defendant's error as tantamount to a mistake of fact. Accordingly, the bona fide error defense is not unavailable to Defendant on the basis that its error resulted from an incorrect application of Washington state law.

### b.     Whether Defendant Maintained Sufficient Procedures

Even if Defendant's error were bona fide, Defendant fails to satisfy its burden of demonstrating that it had "maintained procedures reasonably adapted to avoid the violation." *See McCollough*, 637 F.3d at 948. The crux of Defendant's argument is that it "reasonably relied" on

ORDER - 10

Riverstone's documentation and interpretation of Plaintiff's lease. *See* Mot. at 11-13. In support of its argument, Defendant relies on language from a Ninth Circuit decision, *Clark*, 460 F.3d 1162, which observed that "if a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors." *Id.* at 1177.[3] The Ninth Circuit subsequently clarified, in *Reichert*, that "[w]hen we spoke in *Clark* of the nonliability of a debt collector who 'reasonably relies' on the reported debt, we were referring to a reliance on the basis of procedures maintained to avoid mistakes." *Reichert*, 531 F.3d at 1007. "To qualify for the bona fide error defense," the *Reichert* court explained, "the debt collector has an *affirmative* obligation to maintain procedures designed to avoid discoverable errors," and is "not entitled … to sit back and wait until a creditor makes a mistake and then institute procedures to prevent a recurrence." *Reichert*, 531 F.3d at 1007 (emphasis added). Defendant's reliance on Riverstone's documentation thus cannot "act as a substitute for the maintenance of adequate procedures." *See id*. at 1006-07 (defendant did not demonstrate adequate procedures to prevent addition of attorney's fees to remaining lease balance that were "not authorized by the lease agreement or permitted under [state] law").

Defendant has not met its burden of proving that it affirmatively maintained procedures designed to avoid the type of error at issue in this case. Defendant submits with its Opposition a "Collector Manual" that contains various Genesis protocols and guidance on the debt collection process. *See* Wojdak Decl., Ex. A. Defendant does not, however, point to anything in particular in that manual, and this Court does not, on its independent review, identify anything therein relating to the review of debt accounts' accuracy or propriety. Defendant also submits a declaration from its CEO, Bill Wojdak, who states conclusorily that "Genesis followed its policies

---

[3] Specifically, Defendant discusses and quotes from *Moonflower v. Columbia Recovery Grp., LLC*, No. 17-cv-5326, 2019 WL 461122 (W.D. Wash. Feb. 6, 2019), which in turn discusses and quotes from *Clark*. *See* Opp. at 11.

ORDER - 11

and procedures designed to identify and correct errors in its handling of Plaintiff's account." *Id*. ¶ 18. However, "[a] conclusory declaration that [Defendant] maintained the required procedures is not enough to show Defendant is entitled to the bona fide error defense." *Frias v. Patenaude & Felix APC*, No. 20-cv-0805, 2022 WL 136816, at *6 (W.D. Wash. Jan. 14, 2022) (citation omitted) (finding insufficient declaration that employees were trained not to commit the error at issue).

Finally, Defendant cites to an interrogatory response that references a "training program" for which "[Genesis] agents are trained on how to read account notes, client documents, and lease terms," and "correctly identif[y] the balance and status of an account." Santiago Decl., Ex. H at 3. That interrogatory response, while in some measure relevant, nonetheless does not demonstrate that Defendant maintained adequate procedures. As an initial matter, the interrogatories were not made "under oath" as required by Rule 33(b)(3) of the Federal Rules of Civil Procedure. *See, e.g.*, *United States ex rel. Dahlstrom v. Sauk-Suiattle Indian Tribe of Washington*, No. 16-cv-0052, 2019 WL 4082944, at *13 (W.D. Wash. Aug. 29, 2019) (disregarding interrogatory response cited in opposing to summary judgment motion because it was not made under oath).

Moreover, the interrogatory response is vague and uncorroborated by any evidence in the record. "If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of 'procedures reasonably adapted to avoid any such error' must require more than a mere assertion to that effect." *Reichert*, 531 F.3d at 1007. Rather, "[t]he procedures themselves must be explained, along with the manner in which they were adapted to avoid the error." *Id.* Defendant's interrogatory response merely alludes vaguely to broad training topics without any explanation, or supporting evidence, showing what that training specifically entailed and how it could have prevented Genesis employees from attempting to collect a lease balance that unlawfully forfeited a debtor's security deposit. *See Parker v. Peters & Freedman, LLP*, No.

ORDER - 12

17-cv-00667, 2018 WL 5904169, at *5 (C.D. Cal. Apr. 9, 2018) (finding defendant's reference to an employee training program insufficient because it "does not provide the Court with any facts as to how these programs are designed to avoid the specific error at issue"). Nor does Defendant offer any evidence corroborating that any such training actually took place and that the employees involved in Plaintiff's debt collection participated in it. *See Carter v. Clark Cnty.*, 459 F. App'x 635, 636 (9th Cir. 2011) (party could not survive summary judgment based on "vague, conclusory" interrogatory answers; "this court has refused to find a genuine issue where the only evidence presented is uncorroborated and self-serving testimony").[4]

In sum, Defendant has not met its burden of demonstrating that it maintained procedures reasonably adapted to avoid the type of error at issue in this case. Defendant therefore is not entitled to invoke the bona fide error defense. Accordingly, this Court will grant summary judgment to Plaintiff on the issue of liability on her claims under Sections 1692e, 1692e(2), and 1692f(1) of the FDCPA.

    **C.**    **Plaintiff's Claims Under the CAA**

As noted above, the CAA "does not provide a cause of action," but is instead enforced through the CPA. *White v. Skagit Bonded Collectors, LLC*, No. 21-cv-0697, 2022 WL 2046286, at *9 (W.D. Wash. June 7, 2022). "To prevail on a private []CPA claim, the plaintiff must prove that (1) the defendant engaged in an unfair or deceptive act or practice (2) occurring in trade or commerce and (3) impacting the public interest that (4) injured the plaintiff's business or property and (5) was caused by the defendant." *Id.* (citing *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 784-92 (Wn. Sup. Ct. 1986)). "[B]ecause actions prohibited under the

---

[4] The interrogatory response also references training on the "dispute process" (*see* Santiago Decl., Ex. H at 3), however such process logically cannot contribute to "adequate procedures" given that it is commenced by the debtor, and not the debt collector, identifying an error.

ORDER - 13

CAA are declared unfair acts or practices under the CPA, a violation of the CAA constitutes a per se violation of the CPA." *Williams v. Columbia Debt Recovery, LLC*, No. 20-cv-1718, 2021 WL 1063330, at *4 (W.D. Wash. Mar. 19, 2021) (citing, *inter alia*, RCW § 19.16.440). Once the plaintiff has established a *per se* violation, "she need only demonstrate the violation proximately caused injury to her business or property." *White*, 2022 WL 2046286, at *10 (citing *Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 58 (Sup. Ct. Wn. 2009)).

Plaintiff claims that Defendant violated RCW § 19.16.250(21), which "prohibits the collection, or attempted collection, of any amounts not authorized by law." *Johnson v. Columbia Debt Recovery, LLC*, No. 20-cv-573, 2021 WL 796332, at *4 (W.D. Wash. Mar. 2, 2021); *see* RCW 19.16.250(21) (prohibiting "[c]ollect[ing] or attempt[ing] to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute"). As discussed above, the undisputed facts show that each time Defendant attempted to collect the Balance from Plaintiff, it was seeking an "amount[] not authorized by law." *See supra* at 6. Those attempts, therefore, constitute violations of RCW § 19.16.250(21). *See Williams*, 2022 WL 167516, at *4.

Plaintiff also claims that Defendant violated RCW § 19.16.250(15), which prohibits representing "that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation." According to Plaintiff, "every time [Genesis] added interest to the balance, such interest was inflated, as the principal that formed the basis for the interest calculation was inflated." Mot. at 16. Defendant, in response, argues that this claim fails because interest does not fall within the scope of charges contemplated by RCW § 19.16.250(15): "attorney fees, investigation fees, service fees, or any other fees or charges." *See*

ORDER - 14

Opp. at 15. This Court has already rejected this argument in denying Defendant's motion to dismiss. *See Creager v. Columbia Debt Recovery, LLC.*, No. 2:21-cv-00431, 2021 WL 3187596, at *6 n.5 (W.D. Wash. July 28, 2021). As this Court explained, the text of the CAA lists interest with "any other fees or charges" multiple times, *see, e.g.*, RCW § 19.16.450, and therefore, representing to a debtor that she owes interest not lawfully charged can constitute a violation. *See Arias v. Columbia Debt Recovery LLC*, No. 2:20-cv-01602, 2021 WL 952559, at *4 (W.D. Wash. Feb. 10, 2021) (allegations that defendant "calculated interest on a balance that was [] not owed and demanded that Plaintiffs pay that interest" sufficient to state claim under RCW § 19.16.250(15)). As such, Defendant's representations to Plaintiff that she owed an unlawfully inflated amount of interest, based on the inflated balance on her lease, violated RCW § 19.16.250(15).

Having found that Plaintiff has established that Defendant violated the CAA – and consequently, committed a *per se* violation of CPA – the Court turns to whether Plaintiff has established an injury under the CPA. Plaintiff points to, as her injury, the expenses she incurred in "seeking counsel to determine her legal rights and responsibilities." *See* Mot. at 15. Defendant does not dispute that this is sufficient to establish an injury. This Court finds that it does. *See Schore v. Renton Collections, Inc*., 2018 WL 2018417 at *5 (W.D. Wash. May 1, 2018) (finding that plaintiffs' testimony that they were "forced to incur the cost of hiring an attorney" to "determine their legal rights and responsibilities" demonstrates injury).

Therefore, on the undisputed facts presented, Defendant violated the CAA and, thereby, the CPA. This Court accordingly finds that Plaintiff is entitled to summary judgment on those claims.

ORDER - 15

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS in part Plaintiff's motion for partial summary judgment (Dkt. 24). Defendant is liable under 15 U.S.C. §§ 1692e, 1692e(2), and 1692f(1); RCW §§ 19.16.250(15) and 19.16.250(21); and the CPA as stated above.

SO ORDERED.

Dated: July 28, 2022

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 16